615 A.2d 990

**Maurice DICKEY, Petitioner,**

v.

**DEPARTMENT OF AGING, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 12, 1992.

Decided Sept. 10, 1992.

Maurice Moden Dickey, pro se.

Charles R. Hoffman, Chief Counsel, for respondent.

Before COLINS, and KELLEY, JJ., and LEDERER, Senior Judge.

COLINS, Judge.

Maurice Dickey (petitioner) appeals pro se from an order of the Department of Aging (Department) which affirmed a decision of the Somerset County Area Agency on Aging (area agency) that denied petitioner home support services.[1] We affirm.

1. Home support services are included in Article XXII–A, Section 2207–A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, added by the Act of June 20, 1978, P.L. 477, *as amended,* 71 P.S. § 581–7, which provides in pertinent part as follows:

(a) The area agency shall have the authority to act as an advocate at all levels of government and within the community at large for the interests of older persons within the planning and service area. It shall develop a comprehensive area plan to coordinate services for older persons within its planning and service area as the department may prescribe by regulation. The area plan shall make provision for:

(1) Information and referral, advocacy programs.

(2) Social service case management and casework services including protective services and placement services.

(3) Transportation services.

. . . . .

(5) In-home services including personal care and health-related services.

. . . . .

(a.1) The area agency shall be responsible for working toward the development, in cooperation with State and local organizations and agencies, of a continuum of community-based service and housing options for impaired and chronically ill older persons designed to maintain them in the community and avoid or delay institutional care. System development activities shall include, but not be limited to, coordinating area plans for the provision, expansion and effective administration of:

(1) Personal care and health-related services provided to adults in their homes.

. . . . .

(5) The promotion of informal community supports.

. . . . .

(7) Special services to protect the health, safety and welfare of older persons who lack the capacity to protect themselves.

. . . . .

To the extent that the needs of other adults involve and overlap the needs of older persons addressed by this provision, the area agency shall serve as an advocate for adults of any age.

The following facts gave rise to this appeal. Petitioner, who is seventy-two years of age, resides in Rockwood, Somerset County, Pennsylvania and has a monthly income of $438.40. On two regularly scheduled days each month, Somerset County provides petitioner with round-trip bus transportation from his home to town, picking him up at 9 a.m. and returning him to his home at 3:00 p.m., a service which Petitioner has used for the past eleven years to shop and perform other errands. In addition to this bus service, volunteer transportation for medical appointments is available to petitioner.

On August 31, 1990, petitioner wrote the area agency requesting home support services in the form of shopping and laundry assistance, on the basis that he did not have sufficient time to complete the foregoing tasks and other errands within the time allotted by the Somerset County bus schedule. In response to petitioner's request, an area agency caseworker visited petitioner to assess his eligibility for home support services. During this visit, the caseworker was informed by Petitioner that time, rather than physical constraints, were the reason he needed shopping and laundry assistance.

On September 18, 1990, the area agency advised petitioner that it had denied his request for home support services on the grounds that it found petitioner able to independently perform his shopping and laundry tasks. Subsequently, petitioner informed the area agency that he suffered from pinched nerves, arthritis and weak muscles, all of which medical conditions he had neglected to mention to the area agency caseworker during his eligibility interview. As a result, the area agency supervisor agreed to reevaluate petitioner's request,

(b) *The area agency shall give priority of services to older persons with the greatest needs and least resources.* Factors identifying older persons who are entitled to priority are:

(1) Functional disability, i.e., severe restriction of ability to carry out daily activities.

. . . . .

(3) Advanced age, i.e., seventy-five years of age or above.

. . . . .

(c) In carrying out this section, the area agency shall provide preference in filling all jobs for persons of age sixty and above in accordance with the regulations promulgated by the department. (Emphasis added.)

provided that he submit to a physical examination that would verify the physical limitations he alleged.

In spite of repeated urging by area agency representatives, petitioner refused to undergo a physical examination, maintaining that his medical assistance card would not cover the cost, and that, in any event, no physician would deem him "functionally impaired" because of his physical ability to perform shopping and laundry tasks. On February 22, 1991, petitioner officially appealed the area agency's adverse decision to the Department. A hearing was held on October 3, 1991, after which the Department Hearing Officer rendered the following Findings of Fact and Discussion:

## FINDINGS OF FACT

1. The appellant requested laundry and shopping assistance from the Somerset AAA in 1990.

2. On September 11, 1990 a caseworker for AAA visited the appellant to complete the Comprehensive Care Needs Assessment and determined that the appellant was able to perform the tasks in question but lacked transportation to perform the tasks.

3. AAA notified the appellant by letter dated September 18, 1990 that it denied his request for laundry and shopping assistance because he was able to perform the activities....

4. Subsequently the appellant described some limitations to AAA by telephone but would not have a medical assessment.

5. The appellant testified that he is physically able to do his laundry and shopping.

6. AAA notified the appellant that it would be willing to look at his case again if he would have a medical assessment as he may be sufficiently limited for them to provide service.

7. The appellant filed an appeal and this hearing followed.

## DISCUSSION

. . . . .

AAA is willing to look at his case again if he will have a medical assessment so that a doctor can evaluate his abilities and needs. AAA argues that the appellant is not entitled to service unless he can show through a medical assessment that he is physically unable to perform the activities of daily living.

The appellant contends that he is ambulatory and capable of performing his activities of daily living including laundry and shopping. He is able to take the bus to Somerset twice a month and he hitchhikes to Somerset another two times a month. These four trips are insufficient for him to take care of all his business.... The appellant points to the Department of Aging Program Directive regarding standards for provision of home support which states under Section I 'Eligibility for home support is open to individuals 60 years of age or older. It is not required that eligibility be determined as part of a comprehensive assessment nor is Care Management required for clients receiving the service.'

.        .        .        .        .

Aging Program Directive (APD) which issued the standard for provision of home support says under Section II General Requirements A.1 that 'The Department's expectation for AAA's is that services are provided for those most functionally impaired.' APD # 89–15–01 issued June 1, 1989 effective July 1, 1989.... The appellant has argued impairment is not a factor in eligibility but the APD does not support his argument. *If the appellant can show a functional impairment, AAA has agreed to look at the case again. Until that time AAA is correct in denying laundry and shopping services to the appellant as he has not shown a functional impairment. In fact he has testified that he is able to do the activities.* (Emphasis added.)

█ Our scope of review of Department decisions is limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether factual findings are supported by substantial evidence. *Reynolds v. Department of Aging,* 131 Pa.Commonwealth Ct. 514, 570 A.2d 1373 (1990).

■ Petitioner argues that the Aging Program eligibility regulations for home support services do not expressly require a showing of "functional impairment" and contends that even if such were required, he had informed the area agency and Department that he suffers from arthritis, pinched nerves and weak muscles, as well as from advanced age that impedes his ability to carry laundry a distance of two miles.

Unarguably, the Secretary is the ultimate fact finder in formal proceedings before the Department.[2] In the present case, sufficient evidence of record exists to support the Department's denial of petitioner's appeal, in that Aging Program Directive (APD), setting forth the requirements for home support services, states that the latter "are provided for those most functionally impaired." (APD # 89-15-01, effective July 1, 1989). The record further indicates that the area agency offered petitioner the opportunity to prove he was impaired by submitting to a medical examination after which his application for home support services would be re-evaluated. Petitioner, however, categorically rejected this proposal, leaving the Department little choice but to dismiss his appeal on the grounds of having failed to prove functional impairment and having acknowledged the ability to perform his laundry and shopping himself.

Finally, we note that the Department, not this Court, has the responsibility for administering programs providing home support services to adults and, in so doing, must first ensure the protection of the health, safety and welfare of elderly persons incapable of caring for themselves and their daily needs.

Accordingly, based on the foregoing discussion, the Department's order is affirmed.

## ORDER

AND NOW, this 10th day of September, 1992, the order of the Department of Aging in the above-captioned matter is affirmed.

2. 6 Pa.Code § 3.11(c).